UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER LUIS SANTIAGO, et al.,

Plaintiff,

-v-

EAN HOLDINGS, LLC, et al.,

Defendants.

CIVIL ACTION NO. 26 Civ. 5289 (DEH) (SLC)

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

**SARAH L. CAVE,** United States Magistrate Judge.

The Court is in receipt of the letter motion of Defendant Henry Leon Lee ("Mr. Lee") requesting reconsideration of the Court's denial of his request for leave to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5). (Dkt. No. 13 (the "MTR"); see Dkt. No. 11 ¶ 2 (the "Aug. 11 Order")). For the reasons set forth below, the MTR is **DENIED**.

## I. BACKGROUND

Plaintiff Christopher Luis Santiago initiated this action, which arises out of a 2024 motor vehicle accident, in New York State Supreme Court, Bronx County on March 25, 2026. (Dkt. No. 1-2 (the "Complaint")). Santiago et al. v. EAN Holdings LLC. et al., No. 805620/2026E (Sup. Ct. Bronx Cnty.) (the "State Action"). On April 23, 2026, Mr. Lee filed an answer in which he asserts several affirmative defenses, including improper service of process. (Dkt. No. 1-3 (the "Answer")). On June 22, 2026, Mr. Lee filed in the State Action a motion to dismiss the Complaint on the basis of improper service. State Action, Dkt. No. 18 ¶¶ 2–5 (the "MTD").[1] The next day,

[1] Unlike the Federal Rules of Civil Procedure, the New York Civil Practice Law and Rules permit filing of a motion to dismiss after the filing of an answer. N.Y. C.P.L.R. § 3211(e).

Mr. Lee filed a notice of removal the State Action to this Court based on diversity of citizenship. (Dkt. No. 1).

On August 11, 2026, the parties participated in an initial case management conference. (See Dkt. Nos. 10–11; Minute Entry dated August 11, 2026 (the "ICMC")). During the ICMC, Mr. Lee's counsel asked the Court for leave to re-file the MTD, and the Court indicated that it would issue a briefing schedule for the renewed motion. (See Dkt. No. 11). The August 11 Order denied Mr. Lee's request, however, because he had "already filed an answer" and therefore "may not move to dismiss under Federal Rule of Civil Procedure 12(b)(5)." (Dkt. No. 11 ¶ 2 (citing Fed. R. Civ. P. 12(b)).

On August 13, 2026, Mr. Lee filed the MTR, arguing that "Rule 12(b)(5) is inapplicable to the actions taken prior to the removal of this action" and that "'[r]emoval does not waive any Rule 12(b) defenses.'" (Dkt. No. 13 at 1 (quoting Cantor Fitzgerald, LP v. Peaslee, 88 F.3d 152, 157 n.4 (2d Cir. 1996)).[2]

## II. DISCUSSION

### A. Legal Standard

"Federal Rules of Civil Procedure 59(e) and 60(b) and Local Civil Rule 6.3 govern motions for reconsideration, depending on the type of order at issue and the relief sought." Zayas v. Banks, No. 22 Civ. 7112 (KPF), 2024 WL 1657880, at *3 (S.D.N.Y. Apr. 17, 2024); see Silverberg v. DryShips Inc., No. 17 Civ. 4547 (SJF) (ARL), 2018 WL 10669653, at *2 (E.D.N.Y. Aug. 21, 2018) ("Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3."). All reconsideration motions are

[2] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

subject to a "strict" standard, Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995), and will be granted "only when the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" SEC v. Gottlieb, No. 98 Civ. 2636 (LAP), 2021 WL 5450360, at *2 (S.D.N.Y. Nov. 22, 2021) (quoting Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013)).

"The standards for relief under Local Civil Rule 6.3 and Rule 59(e) are 'identical.'" Ramirez v. United States, No. 05 Civ. 4179 (SAS), et al., 2013 WL 247792, at *1 (S.D.N.Y. Jan. 22, 2013). "Local Civil Rule 6.3 requires that a party seeking reconsideration set forth 'the matters or controlling decisions which counsel believes the Court has overlooked,' and such a motion shall only be granted if the Court determines that the factual matters or controlling precedent was, in fact, overlooked, 'on the underlying motion and that would have changed its decision.'" Yelle v. Mount St. Mary Coll., No. 18 Civ. 10927 (PMH), 2021 WL 311213, at *2 n.1 (S.D.N.Y. Jan. 29, 2021) ("Yelle I"), aff'd sub nom., Yelle v. Mount Saint Mary Coll., No. 21 Civ. 480, 2022 WL 1715979 (2d Cir. May 27, 2022) (summary order) ("Yelle II").

The decision to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" Premium Sports Inc. v. Connell, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009)).

**B. Application**

Mr. Lee has not demonstrated under Rules 59(e) or 60(b) an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice, nor has he shown that the Court "in fact, overlooked" factual matters or

controlling precedent that would have changed the ruling in the August 11 Order. Yelle I, 2021 WL 311213, at *2 n.1.

Here, Mr. Lee removed the State Action to this Court (Dkt. No. 1), and pursuant to Federal Rule of Civil Procedure 81(c), "the Federal Rules of Civil Procedure apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal." Fashakin v. Risk Management Alternatives, Inc., No. 05 Civ. 1339 (ERK) (MDG), 2005 WL 8165230, at *1 (E.D.N.Y. Apr. 28, 2005); Fed. R. Civ. P. 81(c)(1) ("[t]hese rules apply to a civil action after it is removed from a state court."). As the Court explained in the August 11 Order (Dkt. No. 11 ¶ 2), the Federal Rules of Civil Procedure do not allow a party who has answered to file later a motion to dismiss based on improper service of process. Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses [including improper service] must be made before pleading if a responsive pleading is allowed.") (emphasis added).

Neither case Mr. Lee cites in the MTR, nor any of his other arguments, contravenes that rule. (Dkt. No. 13 at 1). One of Mr. Lee's cases indeed confirms that by asserting the affirmative defense of improper service in the Answer (Dkt. No. 1-3 at 3), Mr. Lee has preserved that defense now that the action is before this Court. See Cantor Fitzgerald, L.P., v. Peaslee, 88 F.3d 152, 157 n.4 (2d Cir. 1996) (explaining that "[r]emoval does not waive any Rule 12(b) defenses"). The second case discussed the application of state law regarding proper service in the context of a motion to remand and did not open the door to a post-answer motion to dismiss. See Fed. Ins. Co. v. Tyco Int'l Ltd., 422 F. Supp. 2d 357, 384 (S.D.N.Y. 2006). Accordingly, Mr. Lee has not shown a basis to reconsider the Court's conclusion that, having answered, he may not now move to dismiss under Rule 12(b)(5).

## III. CONCLUSION

For the reasons set forth above, the MTR is **DENIED**. The Clerk of Court is respectfully directed to close Dkt. No. 13.

Dated: New York, New York
August 17, 2026

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**